USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/6/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
  CBRE Inc.,

                    Plaintiff,

          -against-

  The Pace Gallery LLC, et. al.,

                    Defendants.

-----------------------------------------------------------x

1:17-cv-2452

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff CBRE, Inc. ("CBRE") brings this lawsuit against Defendants The Pace Gallery of New York, Inc. and The Pace Gallery LLC, d/b/a Pace Gallery (collectively, "Pace") for recovery of damages caused by Pace's failure to pay CBRE a real estate brokerage commission. Defendants have now moved to dismiss for lack of subject matter jurisdiction, specifically diversity jurisdiction. For the foregoing reasons, Defendants' motion to dismiss is DENIED.

## BACKGROUND

CBRE is a commercial real estate broker duly licensed by the State of New York that provides commercial real estate services to owners, investors, and tenants. Am. Compl. ¶ 8. Pace is an art dealer and operates art galleries in New York City, Palo Alto, Paris, Beijing, Hong Kong, and Palo Alto. *Id.* ¶ 4, 10. The dispute between the parties is essentially breach of contract. CBRE alleges that Pace failed to pay CBRE's commission in exchange for CBRE's services in securing certain property for Pace in violation of the written exclusive rights agreement. *Id.* ¶ 1.

1

Per the Complaint, CBRE is a Delaware corporation duly authorized to do business in the State of New York with its principal place of business in Los Angeles, California, and Pace is a New York business corporation. CBRE brought its suit in this Court based on diversity jurisdiction. 28 U.S.C. § 1332. Pace disputes that CBRE's principal place of business is in California based on CBRE previously pleading that its principal place of business is in New York in two Complaints filed in New York state court actions and thus contests diversity jurisdiction. CBRE asserts that those statements in the New York state court actions were in error and, relying on the affirmation of Cindy Kee, Vice President, Corporate Legal, proffers facts to establish that its principal place of business is in California.

After holding a pre-motion conference on Pace's anticipated motion to dismiss, the Court ordered a limited deposition of Kee for the purposes of jurisdictional discovery. Afterwards, Pace elected to move to dismiss for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). One of the principal bases of jurisdiction is diversity jurisdiction, which exists over all civil actions rooted in state law where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is one between citizens of different states. 28 U.S.C. § 1332(a); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). If the litigant is a corporation, it is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The plaintiff invoking subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). Once diversity jurisdiction is challenged, it must be supported by "competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-7 (2010).

## DISCUSSION

The only issue here is determining where CBRE's principal place of business is located. Pace argues that it is in New York, and CBRE counters that it is in California. The location of a corporation's principal place of business for diversity of citizenship purposes is a question of fact. *Navedo v. Pathmark*, No. 86 Civ. 4218-CSH, 1986 WL 536, at *1 (S.D.N.Y. Dec. 22, 1986); *Spector v. Rex Sierra Gold Corp.*, 227 F. Supp. 550, 551 (S.D.N.Y. 1964). This issue is governed by the "nerve center" test, articulated in the Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). Under this test, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. This place "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93. Subsequent to *Hertz*, courts have recognized that the test "focuses on where a corporation's 'high level' decisions are made, not where day-to-day activities are managed." *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015) (citing *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 106 (4th Cir. 2011)). In adopting the "nerve center" test, the Court rejected the "general business activity" test that looked "not at a particular place within a State but

3

incorrectly at the State itself, measuring the total amount of business activities that the corporation conducts there and determining whether they are 'significantly larger' than in the next-ranking State." *Hertz Corp.*, 559 U.S. at 93.

The Court finds that CBRE has sufficiently met its burden of demonstrating that its principal place of business is Los Angeles, California through the Declaration of Cindy Kee, Plaintiff's Vice President, Corporate Legal. *See, e.g., Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13–cv–649, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) ("[C]ourts in the Second Circuit regularly find a corporate officer's sworn statement to be sufficient proof of a corporation's principal place of business."). CBRE's headquarters is located in Los Angeles, California, and Board-related business—including the execution and drafting of Board resolutions—is generally conducted in California. *See Cofimco USA Inc. v. Mosiewicz*, 15-cv-9118, 2016 WL 1070854, at *3 (S.D.N.Y. Mar. 16, 2016) (finding that the corporation's principal place of business or "nerve center" was in Texas where the corporation's headquarters was located and where its officers and board of directors operated from). Consistent with this, Los Angeles, California is listed as the principal place of business on CBRE's annual report in Delaware (July 24, 2017 Kee Decl. Ex. A) and CBRE's California Statements of Information for 2014-2016 (*id.* Ex. B) as well as the "Principal Executive Office" in CBRE's filings with the New York Department of State, Division of Corporations (*id.* Ex. C.).

Despite this, Pace argues that the listing of 200 Park Avenue, New York, New York 10166 in two Complaints filed in New York actions by CBRE are judicial admissions, which preclude CBRE from asserting that its principal place of business is in California. *See* Complaint, *CBRE, Inc. v. Chubb Grp. Ins. Co.*, Index No. 651078/2017 (N.Y. Sup. Ct.) ¶ 8

(7/7/17 Glanc Decl. Ex. 4); Complaint, *CBRE, Inc. v. Bradley Corporate Park*, Index No. 156452/2014 (N.Y. Sup. Ct.) ¶ 3 (7/7/17 Glanc Decl. Ex. 5). Pace's argument misconstrues the effect of judicial admissions.

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Insurance Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985). The binding effect of the judicial admission is "in the action in which it was made, not in 'separate and subsequent cases.'" *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) (quoting *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004)). However, a district court may treat "judicial admissions made in one action as evidence in a different proceeding," *Amtrust North America, Inc. v. Safebuilt Insurance Services, Inc.*, No. 16-cv-6033, 2016 WL 6561548, at *4 (S.D.N.Y. Nov. 3, 2016), and that evidence "may . . . be contradicted by other evidence when presented." *Hausler*, 127 F. Supp. 3d at 37 (quoting *In re United Mine Workers of Am. Employee Ben. Plans Litig.*, 782 F. Supp. 658, 674 (D.D.C. 1992)). As noted earlier, the question of CBRE's principal place of business is a question of fact. Thus, the Court is free to weigh these prior judicial admissions against the facts presented by CBRE here, including, *inter alia*, previous pleadings in federal cases where CBRE avers that its principal place of business is Los Angeles (7/27/2017 Crystal Decl.) and explanations for why New York City was listed in the New York actions. *See* Lichenstein Decl. & Klaubar Decl. Accordingly, the Court finds that these two judicial admissions are outweighed by the numerous facts that show that CBRE's principal place of business is in California. *Ortega v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 16-00119 (WJ)(SCY), 2016 WL 10538998, at *4 (D.N.M. May 4, 2016)

(according significantly greater weight to facts showing that corporation's place of business was in Utah over a prior pleading that the principal place of business was not in Utah made in a separate proceeding).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

**SO ORDERED.**

**Dated:  February 6, 2018**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**