```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CBRE, Inc.,                                        :       USDC SDNY
                                                   :       DOCUMENT
                                                   :       ELECTRONICALLY FILED
                                                   :       DOC#: _____
                          Plaintiff,               :       DATE FILED: March 8, 2022
                                                   :
            -against-                              :       17-CV-2452-ALC-SN
                                                   :
                                                   :       ORDER DENYING
The Pace Gallery of New York, Inc. and The         :       MOTIONS FOR
Pace Gallery LLC, d/b/a Pace Gallery,              :       RECONSIDERATION
                                                   :
                          Defendants.              :
                                                   :
------------------------------------------------------------------ x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court are the Parties' respective motions to reconsider my March 30, 2021 Order ("Order") granting in part and denying in part a motion for partial summary judgment by Plaintiff CBRE Inc. ("Plaintiff" or "CBRE") and denying in full a motion for summary judgment by Defendants, the Pace Gallery of New York, Inc., and the Pace Gallery LLC d/b/a Pace Gallery (collectively, "Defendants" or "Pace"). For the reasons stated herein, both motions are denied in their entirety.

The Court assumes familiarity with the facts of this case, as set forth in the Order. ECF No. 215. Accordingly, this Court will include only those facts necessary to resolve the instant motions. As relevant here, the Order concluded as follows:

> 1. "[T]hat Pace had failed to show delivery was a condition precedent pursuant to the March 2014 Agreement" and "that 19 NYCRR § 175.12 does not create a delivery requirement of the sort Pace suggests, much less one that calls the formation of the March 2014 Agreement into question." Order at 13.
>
> 2. "Testimony from the parties' expert witnesses, as well as Siegel himself . . . would permit a reasonable trier-of-fact to find for either Pace or CBRE under at least the less stringent faithless servant rule" and therefore summary judgment on this basis for either party was unwarranted. Order at 21 (citation omitted).

3. "Pace's request to be relieved of paying commission to CBRE suffices for damages" with respect to the October 2014 Communications for a breach of fiduciary duty claim. Order at 21-22 (quoting *Yukos*, 977 F.3d at 241-42).

4. Declining to grant summary judgment for either party on the breach of duty of good faith and fair dealing claims "because, like with the fiduciary duty and faithless servant claims, the record would permit a reasonable trier-of-fact to find for Pace or CBRE regarding bad faith." Order at 22.

5. That the term "additional premises" in the relevant clause in the March 2014 Agreement unambiguously "includes Pace signing a lease at the New Building, which is located at 534 West 25th Street" and that Pace had failed to make a showing "that industry custom show[ed] this clause to be ambiguous." Order at 23.

On April 13, 2021, CBRE moved this Court to reconsider its Order dismissing "Pace's claims and defenses sounding in the faithless servant doctrine, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing" or, in the alternative, to certify the Order for immediate appeal before the Second Circuit. ECF No. 219. On the same day, Pace moved for reconsideration of the portion of the Order granting CBRE summary judgment regarding delivery of the March 2014 Agreement.[1] ECF No. 216. Pace also requested that I reconsider my decision on the clause containing the "additional premises" language. *Id.* Defendant submitted an opposition to CBRE's motion and CBRE filed a reply. ECF Nos. 227, 228. CBRE likewise filed an opposition brief to, and Pace replied in support of, Pace's motion. ECF Nos. 226, 229. The

---

[1] I will not consider the declaration and exhibits appended to Pace's motion (ECF No. 217) because such filings are presumptively prohibited on a motion for reconsideration or reargument. *See* Local. Civ. R. 6.3 ("No affidavits shall be filed by any party unless directed by the Court."); *see, e.g., Credit Suisse First Biston, LLC v. Gonzalez Padilla*, No. 04 CIV. 4044 (SHS), 2004 WL 1933550, at *1 (S.D.N.Y. Aug. 24, 2004) ("Since the Court gave no such direction, the [attorney] [d]eclaration is not even a proper component of the motion."); *see also Davidson v. Scully*, 172 F. Supp. 2d 458, 463–64 (S.D.N.Y. 2001) (concluding that plaintiff's affirmation is "precluded" on a motion for reconsideration) (citation omitted); *In re Payroll Exp. Corp.*, 216 B.R. 713, 716 (S.D.N.Y. 1997) ("No affidavits or new material may be submitted, because 'such a motion is limited to the record that was before the Court on the original motion.'") (citation omitted). *But see, e.g., In re Palermo*, No. 08 CV 7421 RPP, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011) ("While the Court never directed the Defendant to submit these additional papers, it will nevertheless consider those submissions.") (citation omitted). Defendant was not directed by the Court to file the declaration and exhibits and never sought leave of Court to do so.

Court considers both motions fully briefed. After reviewing the written submissions, this Court finds that oral argument is not needed.[2]

The standard for a motion for reconsideration in the Second Circuit "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "This standard is strict because reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. V. P3 Int'l Corp.*, No. 16-CV-6276, 2019 WL 3858621, at *1 (S.D.N.Y. Aug. 16, 2019) (internal quotation marks omitted). Reconsideration is generally appropriate if the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curiam). It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (summary order) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *Shrader*, 70 F.3d at 257.

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation omitted); *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller

---

[2] "No oral argument shall be heard unless the Court directs that the matter shall be reargued orally." Local Civ. R. 6.3.

& E. Cooper, Fed. Practice & Procedure, § 4478 at 790); *see also Kelwin Inkwel, LLC v. PNC Merch. Servs. Co., L.P.*, No. 17-CV-6255, 2019 WL 6134164, at *1 (E.D.N.Y. Nov. 19, 2019). Courts narrowly construe and strictly apply these principles to avoid "repetitive arguments on issues that have already been considered fully by the court." *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F.Supp.2d 399, 402 (E.D.N.Y. 2013) (citation omitted). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 765 F.3d 123 (2d Cir. 2014) (quoting *Nakshin v. Holder*, 360 Fed. Appx. 192, 193 (2d Cir. 2010) (summary order) (quotation marks omitted)).

Plaintiff CBRE argues that this Court should grant reconsideration of the portion of the Order denying in part its motion for partial summary judgment with respect to Pace's counterclaims and defenses sounding in the faithless servant doctrine, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. Plaintiff largely takes issue with my application of the faithless servant doctrine—which is the underlying theory of Pace's breach of fiduciary duty claim—to the facts before me at summary judgment.[3] In addition, CBRE asserts that the failure of the breach of fiduciary duty counterclaim necessitates dismissal of Pace's counterclaim for breach of the covenant of good faith and fair dealing because both claims are pled on the same facts. Pl.'s Mem. at 21-22.

Defendants' motion seems to argue that the Order (1) misapplied 19 NYCRR § 175.12 in concluding that there was no delivery requirement in the way Pace understood it, (2) misinterpreted

---

[3] It is undisputed that Pace has alleged a single breach of fiduciary duty counterclaim based on CBRE's breach under the faithless servant doctrine. Def.'s Opp. to Pl.'s Mt. at 11-12 (ECF No. 227).

4

the March 2014 Agreement in concluding the same, and (3) overlooked Defendants' evidence of industry custom in finding that the "additional premises" term is unambiguous as read in the March 2014 Agreement.

The Parties do not move to reconsider on grounds of an "intervening change of controlling law" or "the availability of new evidence." Instead, they rest on arguments that the Court "need[s] to correct a clear error or prevent manifest injustice." The Court concludes that neither motion meets the high bar for reconsideration.

After careful review of the motions, it is apparent to the Court that neither pinpoints any controlling law or data that was overlooked in the Order. The Parties' papers merely restate arguments made previously, and this Court has considered and directly addressed those arguments in the Order. For example, I have considered and rejected Pace's arguments regarding its interpretation of delivery requirements under 19 NYCRR Section 175.12 and in the March 2014 Agreement, as well as the proper construction of the "additional premises" term. Order at 13, 23. A motion for reconsideration is thus not appropriate on these questions.

Similarly, CBRE argues that I erred in declining to grant summary judgment in its favor regarding the faithless servant counterclaim. Order at 21, 22. However, I reasoned that genuine factual disputes remain with respect to that counterclaim. Whether Siegel's conduct rises to the level of disloyalty and unfaithfulness required under New York law is a question of fact best suited for trial.[4] That Plaintiff continues to insist that his conduct constituted a minor infraction is not a reason for this Court to grant reconsideration of the Order. The "motion and supporting

---

[4] "While the disclosure of the comps to Wenat without the prior consent or notification of Pace, and without informing them after, may not rise to the level of 'embezzlement, improperly competing with the current employer, or usurping business opportunities' . . . it is not so minor as the conduct in cases that CBRE cites to support its request for summary judgment." Order at 21 (comparing *Bluebanana Grp. v. Sargent*, 176 A.D.3d 408 (1st Dep't 2019) with *Doe v. Solera Capital, LLC*, 2019 U.S. Dist. LEXIS 55860, at *29 (S.D.N.Y. Mar. 31, 2019). The Order added that the proffered evidence, including testimony from Siegel himself and from experts, demonstrated that a reasonable factfinder could find for either Pace or CBRE. *Id.*

memorand[a] merely recycle previous arguments considered and rejected by this Court." *Cohn v. Metro. Life Ins., Co.*, No. 07-CV-0928 (HB), 2007 WL 2710393, at *1 (S.D.N.Y. Sept. 7, 2007). A motion for reconsideration may not "be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F.Supp.2d 506, 509 (S.D.N.Y. 2009) (quotation omitted). Because neither Pace nor CBRE "demonstrate a clear error or describe the manifest injustice which will result should my decision stand," their motions must be denied. *Cohn v. Metro. Life Ins., Co.*, No. 07 CIV. 0928 (HB), 2007 WL 2710393, at *1 (S.D.N.Y. Sept. 7, 2007).

Having denied the portions of the Parties' motions that seek reconsideration, I will now turn to whether to certify the Order for interlocutory review by the Second Circuit. At this late stage in the litigation, Plaintiff's motion does not pass the test for certification under 28 U.S.C. § 1292(b). It fails on all three prongs.

A district court has authority to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F.Supp.3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted). Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation marks omitted). However, "[w]hen a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quotation marks omitted).

6

>CBRE asks the Court to certify the following question to the Second Circuit:
>
>Can a faithless servant claim under New York law survive a motion for summary judgment when it fails to allege conduct that is 'directly against the employer's interests – as in embezzlement, improperly competing with the current employer, or usurping business opportunities.

Pl.'s Mem. at 16-17 (citation omitted).

To satisfy the first prong of § 1292(b), the movant must demonstrate that the question is both controlling and a question of law. "[A] question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). A question of law can also be controlling if reversal of the district court's order "could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y. 2001)). The question of law "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551 (S.D.N.Y. 2013).

The issue is not controlling as reversal of the Order would not terminate or significantly affect the conduct of the action. *See, e.g.*, *Montefiore Med. Ctr. v. Teamsters Local 272*, No. 09-CV-3096, 2009 WL 3787209, at *6 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011). Section 1292(b) authorizes district courts to permit interlocutory appeal of orders—not separate issues within the order. Here, there are additional issues that would remain to be tried even assuming that the Second Circuit reversed on the faithless servant question.[5] The certified

---

[5] The Order found evidence sufficient to raise a material disputed fact regarding mutual mistake, and whether the March 2014 Agreement or November 2014 Agreement is operative. Order at 13-15. Moreover, the Court found that a reasonable factfinder could find for either Plaintiff or Defendant regarding the claim for breach of the duty of good faith and fair dealing. Order at 22.

issue is more a mixed question of law and fact rather than a purely legal one. An appellate court would be tasked with applying the facts of this case to the law governing faithless servant claims to determine whether Siegel acted against the best interests of Pace.

Moreover, permitting an interlocutory appeal right now would provide little precedential value. There is no reason that the very short decision in *Bluebanana*, made up of only six sentences in total, would challenge the longstanding *Turner* and *Murray*[6] standards. The Parties also do not dispute that these standards are well-established precedents under New York law. Moreover, the Court agrees with Defendants' contention that *Bluebanana* merely provides a list of non-exhaustive examples of disloyalty or faithlessness. Defs.' Opp. at 8. In any event, precedential value is not "*per se* sufficient to meet the 'controlling issue of law' standard." *See, e.g.*, *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000). The motion fails on the first prong.

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Enron Corp.*, No. 01-CV-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). "[I]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d at 284.

CBRE does not identify any conflicting authority on the issue of whether a claim that raises genuine factual disputes under at least the less stringent faithless servant standard may survive summary judgment. It is also not a question of first impression in this Circuit. Here, the Court evaluated the evidence, such as expert and fact testimony, and found that it was sufficient for a reasonable trier-of-fact to find that Siegel was unfaithful or disloyal to Pace. Moreover, Plaintiff

---

[6] *Turner v. Konwenhoven*, 100 N.Y. 115, 120, 2 N.E. 637 (1885) and *Murray v. Beard*, 102 N.Y. 505, 508, 7 N.E. 553 (1886).

does not cite—neither is this Court aware of—any binding decisions that hold that both *Turner* and *Murray* apply in all cases. The New York Court of Appeals has not expressly abrogated *Murray*, or its progeny, nor does its holding appear to be subject to legitimate dispute. Both standards have existed since the late nineteenth century. That state and federal courts, including the Second Circuit, have occasionally analyzed the two standards separately does not suggest that an allegedly unfaithful agent must be culpable under *both* standards. The motion fails to demonstrate a substantial ground for difference of opinion.

To satisfy the third prong of § 1292(b), the movant must demonstrate that an intermediate appeal will advance the ultimate termination of the litigation. Courts place "particular weight" on this factor, *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005), and it is "closely connected" to the first factor. *In re 650 Fifth Ave.*, No. 08-CV-10934, 2012 WL 363118, at *2 (S.D.N.Y. Feb. 2, 2012). In considering this factor, "courts must consider the institutional efficiency of both the district court and the appellate court." *Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015). "Courts place particular weight on the last of these three factors," which is satisfied "if that appeal promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of N.Y., N.Y.*, No. 06-CV-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) (citations and quotation marks omitted).

This case will be trial-ready after deciding the instant motions. Reversal of the Order will not "advance the time for trial or shorten the time required for trial" as other triable issues, albeit just a few, remain in this case. The Parties' joint pre-trial order will be due within 30 days after the decision on the present motions is issued. Inserting an intermediate appeal will only serve to further delay trial and the ultimate termination of this litigation. And because claims for breach of

9

fiduciary duty and faithlessness are highly fact-intensive, "[t]he Court of Appeals should have the benefit of hearing any appeals in this case with the aid of the full record relating to the parties' claims, and should not have to delve into the complex facts and issues in this case in a piecemeal fashion." *See In re Buspirone Pat. Litig.*, 210 F.R.D. 43, 51 (S.D.N.Y. 2002) (citing *Able v. United States*, 870 F.Supp.468, 471 (E.D.N.Y. 1994)). Here, an interlocutory appeal would not substantially accelerate the disposition of this case. The motion fails on the third prong.

Because the Order raises a mixed question of law and fact, there is insubstantial ground for difference of opinion, and an interlocutory appeal would not advance the ultimate termination of the litigation, the motion for certification of the Order to the Second Circuit is denied. Plaintiff's motion is not one of the "exceptional circumstances" where this Court should deviate from the general preference of reviewing courts to hear appeals after entry of a final judgment. *See In re Flor*, 79 F.3d at 284.

For the foregoing reasons, the Parties' motions for reconsideration are **DENIED** in full. The Parties shall file a joint pre-trial order no later than 30 days from the date this Order is issued. *See* ECF No. 225. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 216 and 219.

**SO ORDERED.**

**Dated**: March  8 , 2022
New York, New York

                                                  **The Hon. Andrew L. Carter, Jr.**
                                                  **United States District Judge**