Aaron Richard Golub, Esquire, P.C.

Lawyers

24 East 64th Street, Floor 5                                                                                212-838-4811
New York, New York 10065                                                       Facsimile 212-838-4869

November 25, 2022

**VIA ECF AND BY E-MAIL**

Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

        Re:    CBRE, Inc. v The Pace Gallery of New York, Inc., et. al.
                   Index No. 17-cv-02452 (ALC) (SN)

Dear Judge Carter:

       This office represents Defendants. In my e-mail to the Court on November 16, 2022, I advised the Court concerning a Statement of the Case to be read to the jury, that "Counsel have exchanged first drafts of the Statement of the Case and will continue to confer." On November 22, 2022, I emailed Defendants' counsel a revised draft of Defendants' Statement of the case (see enclosed). Plaintiff's counsel Jennifer Surprenant, Esq. advised me today that Plaintiff will not respond to Defendants' revised draft and that Defendants should have filed their version of the Statement of the Case on November 16, 2022. The enclosure contains Defendants' last version of the Statement of the Case.

                                                                             Respectfully Submitted,

                                                                             *Nehemiah Glanc*

                                                                             Nehemiah S. Glanc

enclosures
cc:     Jeff E. Scott, Esq. by ECF and e-mail
          Jennifer Ann Surprenant, Esq. by ECF and e-mail
          Benjamin Wood, Esq. by CF and e-mail

**Subject:** Re: CBRE v. Pace: Meet and Confer re: Voir Dire Paragraph
**From:** Nehemiah Glanc <nglanc@argolub.com>
**Date:** 11/22/22, 4:41 PM
**To:** surprenantj@gtlaw.com
**CC:** Jeff.Scott@gtlaw.com, woodb@gtlaw.com, James.Curbow@gtlaw.com, argolub@argolub.com, rzwerin@argolub.com

```
Jennifer: Attached, for discussion purposes and without prejudice, is a revised
version of Defendants' statement of the case.

Thank you. -Nehemiah Glanc-

Nehemiah S. Glanc
Aaron Richard Golub, Esquire, P.C.
24 East 64th Street
Fifth Floor
New York, New York 10065
Ph: 212-838-4811
Fx: 212-838-4869
email: nglanc@argolub.com
```

On 11/16/22 5:55 PM, surprenantj@gtlaw.com wrote:

> Hi Nehemiah,
>
> Your proposed statement of the case is a non-starter. It is so completely one-sided that it could not possibly be deemed to comply with the Court's requirement that the parties advance "good-faith efforts" to reach an agreement here. I note, further, that your proposal violates the plain letter of the Court's rules, which requires submission of an "agreed-upon *paragraph*" (singular).
>
> If you are interested in engaging in a good-faith meet and confer regarding a neutral submission, then I am available to discuss.
>
> Thanks,
> Jen
>
> **Jennifer A. Surprenant**
> Shareholder
>
> Greenberg Traurig, LLP
> One Vanderbilt Avenue | New York, NY 10017
> T +1 212.801.6594 | C +1 646.305.5143
> surprenantj@gtlaw.com | www.gtlaw.com | View GT Biography
>
> **GT GreenbergTraurig**
>
> ---
>
> **From:** Nehemiah Glanc <nglanc@argolub.com>
> **Sent:** Wednesday, November 16, 2022 5:29 PM
> **To:** Surprenant, Jennifer (Shld-NY-LT) <surprenantj@gtlaw.com>
> **Cc:** Scott, Jeff (Shld-LA-LT) <Jeff.Scott@gtlaw.com>; Wood, Ben (Assoc-WCO-LT) <woodb@gtlaw.com>; Curbow, James (LCJD-NY-LT) <James.Curbow@gtlaw.com>; argolub@argolub.com; rzwerin@argolub.com

**Subject:** Re: CBRE v. Pace: Meet and Confer re: Voir Dire Paragraph

**\*EXTERNAL TO GT\***

Jennifer:  Attached is Defendants version of the statement of the case.

```
Thank you. -Nehemiah Glanc-

Nehemiah S. Glanc
Aaron Richard Golub, Esquire, P.C.
24 East 64th Street
Fifth Floor
New York, New York 10065
Ph: 212-838-4811
Fx: 212-838-4869
email: nglanc@argolub.com
```
On 11/16/22 11:51 AM, surprenantj@gtlaw.com wrote:

> Hi Nehemiah,
>
> I write in conjunction with Rule 4.B.i of Judge Carter's individual practices, which provides: "The plaintiff's proposed *voir dire* questions should include an agreed-upon paragraph (designated as such) for the Court to use in *voir dire* to provide the jury panel with a brief explanation of the case."
>
> In an attempt to reach agreement on such a paragraph, I provide you with the attached draft for discussion purposes.  Please let me know if you have any amendments to our proposal. We hope to reach agreement with you on this issue.
>
> Thanks,
> Jen
>
>
> **Jennifer A. Surprenant**
> Shareholder
>
> Greenberg Traurig, LLP
> One Vanderbilt Avenue | New York, NY 10017
> T +1 212.801.6594  |  C +1 646.305.5143
> surprenantj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography
>
> 
>
> ---
>
> If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

―Attachments:―

Statement of the Case- 11-22-22-v2.docx                                                                                                  20.9 KB

**DEFENDANTS' STATEMENT OF THE CASE FOR *VOIR DIRE***

This case involves a dispute between a real estate brokerage firm, CBRE, Inc., and the Pace Gallery concerning Pace's art gallery and office at 534-548 West 25th Street in Chelsea. Each party has claims against one another. CBRE claims it is owed commissions based on terms of either of two contracts it entered with Pace and claims breach of contract to recover those commissions. Which contract applied to the facts, is an undecided question. Pace disputes that CBRE is owed any commissions and has raised numerous legal defenses to enforcement of CBRE's claims. Pace has asserted three claims against CBRE, as follows:

i. Pace's first claim is that CBRE breached its contract with Pace by breaching its fiduciary duties to Pace by providing material real estate information to Pace's landlord without Pace's knowledge or consent;

ii. Pace's second claim is that CBRE breached either contract with Pace by violating various provisions, namely: CBRE failed to "offer advice and guidance," concerning Pace's leases with its landlord; CBRE breached the contract provision that "All business and legal decisions will be made solely by" Pace; and CBRE failed to create an "agreed strategy" with Pace; and

iii. Pace's third claim against CBRE is that CBRE breached the implied covenant of good faith and fair dealing, which is implied in all contracts, by undermining and destroying Pace's benefits of the contract.