Aaron Richard Golub, Esquire, P.C.
Lawyers

24 East 64th Street, Suite 5                                                         212-838-4811
New York, New York 10065                                           Facsimile 212-838-4869

December 4, 2022

**<u>VIA ECF AND BY E-MAIL</u>**
Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    CBRE, Inc. v The Pace Gallery of New York, Inc., et. al.
            <u>Index No. 17-cv-02452 (ALC) (SN)</u>

Dear Judge Carter:

Plaintiff concedes (see ECF 338 p. 2) that this Court did ***<u>not</u>*** preclude Reingold's damages on the basis of untimeliness.  Plaintiff's reliance on <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284 (2d Cir.2006), is misplaced.  As explained in <u>Macolor v. Libiran</u>, 2015 WL 1262256 (S.D.N.Y. Mar. 19, 2015), in <u>Design</u>, <u>supra</u>, the plaintiff's inadequate disclosures left defendants "without notice that...claims [for lost profits] would be an issue until they were provided, shortly before the commencement of trial, with the names of two witnesses who would testify as to lost profits." 469 F.3d at 295.  In <u>Macolor</u>, <u>supra</u>, there was no such surprise as "Defendants' counterclaim put Plaintiff on notice that they were seeking lost profits of at least $125,000… Thereafter, Defendants disclosed both the contract at issue and their method of calculating lost profits…Accordingly, there is no basis to conclude that Plaintiff was not adequately on notice of Defendants' lost profits theory, as was the case in *Design Strategy*." <u>Id.</u>, at 4.

As detailed in Defendants' Second Counterclaim for breach of contract (ECF 163, ¶¶112-116), Plaintiff has been on notice since November 14, 2019 (ECF No. 163 pars. 113-116), that:

      "Plaintiff materially breached, failed and neglected to perform the… March 18, 2014 Agreement… including, without limitation, by failing to undertake rudimentary acts to ensure that Defendants received optimal lease terms favoring Defendants, including, without limitation, failing to request or analyze the April 6, 2000 Lease and/or drafts of the Leases, a summary of key terms, any proposed term sheets and/or any other relevant documents concerning lease negotiations between Defendants and Weinberg;" (ECF No. 163 par. 113) and

      "[F]ailing to provide essential CBRE, Inc. services to Defendants and/or offer or bring to bear any and all of Plaintiffs relevant corporate resources—which are part and parcel of Plaintiffs contractual obligations, including, without limitation:

      i.      Failing to recommend to Defendants that Plaintiff bring in Plaintiff's Consulting Group to fully analyze lease documents and provide critical advice concerning financial impacts; and/or

Aaron Richard Golub, Esquire, P.C.

     ii.     Failing to provide Defendants with any of the following services advertised by Plaintiff on its website and in brochures and other printed materials, all of which would have made a material difference in the lease negotiations for the Leases: Financial consulting, Project management, Strategy development; Lease management, including administration, abstraction, payments and audits; Retail analytics and retail services; Acquisition, disposition and subleasing of property; and/or Energy and sustainability;" (ECF No. 163 par. 114) and

     iii.     Defendants alleged damages in excess of $1,000,000.00 (ECF 163, par. 115).

Certainly, Plaintiff has been on notice of Defendants' second counterclaim and damages, since November 14, 2019 when the Third Amended Answer with Counterclaims was filed (ECF No. 163).

There is absolutely no surprise as Defendants stated in the Joint PreTrial Order (ECF No. 240 p. 33) that "Harnden is expected to testify about…CBRE's services not offered to and/or provided to Pace…***and Pace's damages***" (ECF No. 240 p. 33).

Significantly, in <u>Design</u>, <u>supra,</u> the court held that the district court "err[ed] in its determination that 'preclusion is mandatory' under Rule 37(c)(1) once 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless." <u>Id.</u> at 297. The court rejected the contention that preclusion is automatic based on the text of FRCP 37(c). As emphasized in <u>Design</u>, <u>supra</u>, FRCP 37(c)(1) explicitly contemplates a range of less severe sanctions that may be imposed "instead of" preclusion. A court may elect to impose ***no sanction*** even where a violation is found. <u>See</u> 8B Wright & Miller, Federal Practice & Procedure § 2284, at 470-71 (3d ed. 2010) (noting Rule 37's permissive phrasing); <u>see also</u> <u>Davis v. U.S. Bancorp</u>, 383 F.3d 761, 765 (8th Cir. 2004).

<u>Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.</u>, 650 F. Supp..2d 314 (S.D.N.Y. 2009), <u>aff'd</u>, 976 F.3d 239 (2d Cir. 2020), is inapplicable as the claimed damages were ***not*** based on the witness' own personal knowledge or rationally based on their perception. In stark contrast Harnden will testify as to damages based on his personal knowledge and his background. <u>Bank of China v. NBM LLC</u>, 359 F.3d 171, 181-82 (2d Cir. 2004), supports Defendants. In <u>Bank</u>, <u>supra</u>, the court held that to the extent that Bank's employee's "testimony was grounded in the investigation he undertook in his role as a Bank of China employee, it was admissible pursuant to Rule 701 of the Federal Rules of Evidence because it was based on his perceptions" (internal citation omitted). <u>Baumgart v. Transoceanic Cable Ship Co.</u>, 2003 WL 22520034, *2 (S.D.N.Y. Nov. 7, 2003), is inapplicable as the court held that "the rates were derived in consultation with the union's director of benefits, director of finance, and actuaries… Accordingly, it is clear that Bethel's opinion is not based on his personal knowledge of wage and benefit increases, but was based in part on outside information, including the specialized or technical knowledge of others, and thus is inadmissible as Rule 701 lay opinion." Harnden's damages testimony is and will be based on his personal knowledge and background. <u>See Certain Underwriters at Lloyd's v Nat'l R.R. Passenger Corp.</u>, 2017 WL 1164897, at *3 (E.D.N.Y. Mar.

Aaron Richard Golub, Esquire, P.C.

8, 2017);[1] <u>see also</u> <u>Tuttle v. Tyco Elecs. Installation Services, Inc.</u>, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008).[2]

     Accordingly, the Court should allow Harnden to testify concerning Defendants' damages on all of Defendants' counterclaims.

               Respectfully Submitted,

               *Nehemiah Glanc*

               Nehemiah S. Glanc

cc:    Jeff E. Scott, Esq. by ECF and e-mail
       Jennifer Ann Surprenant, Esq. by ECF and e-mail
       Ben Wood, Esq. by ECF and e-mail

---

[1] In <u>Certain Underwriters</u>, the court distinguished <u>Design</u> and <u>Spotnana, Inc. v. Am. Talent Agency, Inc.</u>, 2010 WL 3341837, *2 (S.D.N.Y. Aug. 17, 2010), holding:

    "The cases cited by LMI in support of preclusion are distinguishable.  In those cases, the parties against whom sanctions were sought either failed entirely to provide an adequate computation of damages or waited until the eve of trial or in response to a dispositive motion to make their disclosure.  See *Design Strategy*, 469 F.3d at 295 (plaintiff changed damages theory in pretrial order)…8, 279-80 (5th Cir. 2009) (plaintiff failed to disclose computation of various categories of damages); *Agence France Presse*, 293 F.R.D. at 683-85 (party for the first time changed his damages theory in connection with the preparation of the pretrial order); *Spotnana, Inc. v. Am. Talent Agency, Inc*., No. 09 Civ. 3698 (LAP), 2010 WL 3341837, at *1-*2 (S.D.N.Y. Aug. 17, 2010) (defendant never disclosed damages calculation for counterclaim)."

[2] Distinguishing <u>Design</u>, <u>supra</u>, and holding:

    "This situation is easily distinguished from the cases upon which Defendants rely where the calculations were required to be made from documents with which the party had little prior experience.  See e.g., *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir.2006) (financial statements about 'a project of a type with which the plaintiff had little-to-no prior experience)."