

Jeff E. Scott
Tel 310.586.7715
Fax 310.586.7800
jeff.scott@gtlaw.com

December 14, 2022

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter, Jr.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007

    Re:    *CBRE, Inc. v. The Pace Gallery of New York, Inc., et al.*,
             No. 17-cv-02452-ALC-SN

Dear Judge Carter:

    We write on behalf of plaintiff CBRE, Inc. Pursuant to the Court's Order dated December 12, 2022 (ECF No. 348), CBRE is contemporaneously filing a proposed final judgment. CBRE's calculations are set forth below.

    In a diversity case, state law governs the award of prejudgment interest. *See Baker v. Dorfman*, 239 F.3d 415, 425 (2d Cir. 2000) ("In this diversity case, issues bearing on prejudgment interest are governed by New York law."). Under New York law, an award of prejudgment interest is mandatory in a breach of contract case. *See* N.Y. C.P.L.R. § 5001(a) ("Interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . ."); *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 617 (2d Cir. 1996) ("With regard to prejudgment interest determinations, . . . New York law does not permit the trial court to exercise any discretion where a party is entitled to such interest as a matter of right." (internal quotation marks omitted)). "[P]rejudgment interest must be calculated on a simple interest basis at the statutory rate of nine percent." *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 147 F.3d 83, 90 (2d Cir. 1998); *see* N.Y. C.P.L.R. §§ 5001(a), 5004(a).

    "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). Additionally, "post-verdict prejudgment interest is mandatory." *Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010) (citing N.Y. C.P.L.R. § 5002). Accordingly, CBRE is entitled to prejudgment interest from the dates of breach to the entry of judgment.

    On CBRE's first cause of action, the jury rendered a verdict in CBRE's favor in the amount of $6,213,661.00 and found that the date of breach was March 6, 2015. (Trial Tr. 1566:13-21.) Under the nine percent interest rate, CBRE is entitled to prejudgment interest accruing at a rate of $559,229.49 per year, or $1,532.1356 per day. CBRE respectfully requests that the Court use a date of June 11, 2015 (the date of the 20-year lease for the entire building) for CBRE's first cause of action for purposes of calculating prejudgment interest because that is the earliest ascertainable

December 14, 2022
Page 2

date the cause of action existed.[1] Using June 11, 2015, as the date of breach and December 23, 2022, as an anticipated date for the entry of judgment, CBRE is entitled to prejudgment interest on this claim in the amount of $4,216,437.14.

On CBRE's second cause of action for breach of contract, the jury rendered a verdict in CBRE's favor in the amount of $94,943.20 and found that the date of breach was March 6, 2015. (Trial Tr. 1566:22–1567:5.) Under the nine percent interest rate, CBRE is entitled to prejudgment interest accruing at a rate of $8,544.89 per year, or $23.4107 per day. Using March 6, 2015, as the date of breach and December 23, 2022, as an anticipated date for the entry of judgment, CBRE is entitled to prejudgment interest on this claim in the amount of $66,696.95.

Accordingly, CBRE is entitled to a judgment in the amount of $10,591,738.29 as against Defendants The Pace Gallery of New York and The Pace Gallery LLC d/b/a Pace Gallery.

Pursuant to 28 U.S.C. § 1961, CBRE is also entitled to post-judgment interest accruing from the date the judgment is entered. CBRE intends to seek post-judgment interest at an appropriate time.

Respectfully submitted,

*/s/ Jeff E. Scott*

Jeff E. Scott

cc: All counsel of record (via ECF)

---

[1] Although CBRE agrees with the jury's finding that Pace engaged in an anticipatory breach on March 6, 2015, by failing to protect CBRE's right to a commission in the lease for certain floors of the new building, CBRE litigated the case and presented it to the jury on the theory that the breach occurred on June 11, 2015, when the lease for the entire building was signed. (*E.g.*, Trial Tr. 1487:23-24; D164.) Because that is the "earliest ascertainable date" CBRE's breach of contract cause of action existed as it relates to the June lease, that is the appropriate date to use for calculating prejudgment interest. N.Y. C.P.L.R. § 5001(b).